[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT JOAN CORONIS' MOTION TO STRIKE
Defendant Joan Coronis has filed a motion to strike the plaintiffs complaint in the above-captioned declaratory judgment action. Neither party requested oral argument, and the court therefore decides the motion on the papers.
Ms. Coronis asserts that the plaintiffs complaint should be stricken because it fails to state a cause of action against her. The motion reveals a fundamental misunderstanding of the nature of this action. In his fourth amended complaint, the plaintiff, Gil Gilbert, alleges that he owns land that abuts Beaver Dam Lake and that the Beaver Dam Association of Stratford, Inc., has asserted that by-laws and regulations that the association has enacted limit use of his land. He seeks a judgment declaring that the association's by-laws and regulations do not have such an effect and that they are ultra vires and of no effect. Landowners who are members of the association or whose land benefits from the enforcement of the association's by-laws and regulations have interests that could be affected by the adjudication of the plaintiffs claim.
Conn. Gen. Stat. § 52-29 authorizes actions to obtain a court ruling declaring rights and legal relations "on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment."
The nature of the relief sought prompted Judge Melville to order the plaintiff to join as defendants other property owners whose interests might be affected by the declaratory judgment he seeks. Practice Book § 17-56(b) provides in pertinent part:
 All persons who have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs. . . . in the action shall be made parties to the action or shall be given reasonable CT Page 11863 notice thereof.
Joan Coronis, who allegedly owns land in the area which the Association claims to regulate by virtue of deed provisions, was named as a defendant pursuant to this order. Her status as a party gives her an opportunity to participate in the trial, since the adjudication may well affect any benefits that she may perceive that her property derives from the enforcement of the association's by-laws and regulations. She has correctly observed that the plaintiff seeks no relief against her personally; however, that observation fails to recognize that in this case her status as a defendant is not for the purpose of stating a cause of action but only to fulfill the requirement of § 17-56 (b).
If Ms. Coronis does not choose to participate in the trial or to take any position with regard to the plaintiffs claims against the association, she need not do so; the requirement of § 17-56 (b) which was fulfilled by making her a party merely affords her an opportunity, but not a requirement to be participate in the presentation of the issues.
Conclusion
The motion to strike is denied.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court
CT Page 11864